# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**UNITED STATES OF AMERICA, ex rel.**
**MERCEDES SCOTT,**

    **Plaintiffs,**

v.                        Case No. 8:10-cv-50-T-30TGW

**MARGARITA R. CANCIO, M.D., P.A. d/b/a**
**INFECTIOUS DISEASE ASSOCIATES OF**
**TAMPA BAY,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (Dkt. 22) and Plaintiff Mercedes Scott's ("Relator") Response in Opposition (Dkt. 25). The Court, having reviewed the motion, response, and being otherwise advised of the premises, concludes that the motion should be denied.

## BACKGROUND

Relator Mercedes Scott worked for Defendant from March 2006 until October 2008. On January 23, 2009, Scott filed a separate employment action against Defendant for discrimination and retaliation. On January 8, 2010, while the employment action was still pending, Scott filed this *qui tam* action under seal, as required by the False Claims Act. On January 27, 2010, Scott and Defendant settled the employment case.

The Settlement Agreement included, in relevant part, a representation that Scott had not filed any "complaint, claim, or charge" against Defendant in any "state or federal agency or court." (S-19). The Settlement Agreement also included a broad release, such that Scott released Defendant from any and all claims that she may have against it. *Id.*

On September 28, 2011, Scott amended her complaint in this action to include a claim for declaratory relief. This new claim seeks a declaration from the Court that the Settlement Agreement is unenforceable to bar the instant *qui tam* action.

This case is at issue upon Defendant's motion to dismiss Scott's second amended complaint based on the Settlement Agreement Scott executed in the employment action. Defendant argues that the Settlement Agreement, particularly the release, precludes Scott from filing the *qui tam* action. Defendant also points out that on February 14, 2011, the Government declined to intervene in this action and represented to Defendant that it takes no position on Defendant's motion to dismiss.

For the reasons set forth below, the Court concludes that the Settlement Agreement does not preclude this action because the plain language of the *qui tam* statute requires consent of the Government and the Court before a relator can dismiss a *qui tam* action. In other words, Scott did not have the authority to release the pending *qui tam* action.

## **STANDARD OF REVIEW**

Pursuant to Rule 12(b)(6), a court may dismiss a claim on the basis of a dispositive issue of law. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989); *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (dismissal proper

when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action"); *Schneider v. Parker*, 2011 WL 722759, at *2 (M.D. Fla. Feb. 23, 2011) (noting that dismissal is warranted under Rule 12(b)(6) if, "assuming the truth of the factual allegations of the plaintiff's complaint, there remains a dispositive legal issue which precludes relief.").

Importantly, on a motion to dismiss, the Court may consider a document outside the face of the complaint (and the documents attached thereto) if the plaintiff refers to the document in her complaint, the document is central to a claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss. *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1285 (11th Cir. 2007).

Here, the Court may review the Settlement Agreement without converting Defendant's motion to dismiss to a summary judgment motion because Scott refers to the Settlement Agreement in her declaratory action and it is clearly central to that claim.

## **DISCUSSION**

Defendant argues that Scott cannot maintain her *qui tam* action because she released her ability to file the action under the Settlement Agreement. The Court agrees that, in a typical case, the release would preclude a subsequent action Scott filed against Defendant. Indeed, as Defendant points out, the release was broad and included any action arising under federal, state, statutory, or common law. However, this is not a typical case, and the Court is constricted by the plain language of the *qui tam* statute, which provides, in relevant part, that "[a] person may bring a civil action . . . for the person and for the United States

Government . . . The action may be dismissed *only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.*" 31 U.S.C. §3730(b)(1) (emphasis added).

Defendant cites to a number of pre-filing cases, that is cases where a relator entered into a release <u>before</u> the filing of a *qui tam* action, to support its argument that dismissal is appropriate. But these cases are distinguishable because, "[w]hen there is a release preceding the filing of the *qui tam* action . . . no action has been filed, so there is neither an action to dismiss nor a judge to consent to the agreement. As a consequence, the statute only governs the enforceability of settlement agreements made after the filing of a *qui tam* claim." *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1168 (10th Cir. 2009).

In *United States ex rel. Dillahunty v. Chromalloy Oklahoma*, a case cited by neither party, the district court discussed the distinction between pre-filing cases and post-filing cases and held that the relator was not permitted to waive his *qui tam* claim without the Government's and court's consent. 2011 WL 227648, at *1 (W.D. Okla. Jan. 21, 2011). Similar to the facts in the instant case, the relator executed a release with his employer, the defendant in the *qui tam* case, <u>after</u> he filed the *qui tam* case. *Id.* The district court noted that the post-filing release did not preclude the *qui tam* claim even though the Government, like the Government in this case, declined to intervene in the *qui tam* action. *Id.*

Defendant argues that dismissal in this case is appropriate because it is moving to dismiss only Plaintiff's interest in this action, without prejudice to the Government's interest. This argument is problematic, however, because the plain language of section 3730(b)(1)

requires the Attorney General's written consent to a *qui tam* action's dismissal and does not make a distinction based on whether the dismissal is without prejudice to the Government's interest. Moreover, the Court is unaware of any authority that provides, in a post-filing case, that a court can grant a motion to dismiss without the Attorney General's consent if the dismissal is without prejudice to the Government's interest.

Of course, Defendant may seek appropriate relief <u>in the separate employment action</u> to set aside the Settlement Agreement it entered into with Scott based on any misrepresentations or fraud on the part of Scott.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss (Dkt. 22) is DENIED.

2. Defendant shall file a response to the second amended complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on November 28, 2011.

_/s/ James S. Moody, Jr._
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-50.mtdismiss22.frm